KLEIN, Respondent, v. THE MISSOURI PACIFIC
RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, June 1, 1905.

**STREET OBSTRUCTIONS: Railroad Crossing: Negligence.** Where
a railway company at the crossing of a street, under the author-
ity of the city government, maintained protecting bars with
machinery to operate them on the sides of the streets, which
machinery was protected by guardrails, such machinery and
guardrails were lawful structures in the street; and the fore-
man of a fire engine, who was injured by collision with them in
driving to a fire, could not recover against the railway company
for injuries received.     (Following Seibert v. Mo. Pac. Ry.,
— S. W. —.)

Appeal from St. Louis City Circuit Court.—*Hon. Frank-
lin Ferriss*, Judge.

REVERSED.

*Martin L. Clardy* and *Henry G. Herbel* for appel-
lant.

The court erred in overruling defendant's demur-
rers to the evidence offered at the close of plaintiff's
case and of all the evidence.    Sec. 1035, R. S. 1899;
Loewer v. City, 77 Mo. 455; Sindlinger v. City, 126 Mo.
328, 28 S. W. 857; Railroad v. Grubbs, 26 S. W. 326;
Baustian v. Young, 152 Mo. 325, 53 S. W. 921; City v.
Ins. Co., 107 Mo. 97, 17 S. W. 637; Welsh v. Railroad,
72· Mo. 454; Turner v. Railroad, 76 Mo. 262; Russell v.
Columbia, 74 Mo. 491; Gerdes v. Iron Co., 124 Mo. 357,
25 S. W. 557; Pueschell v. Wire Co., 79 Mo. App. 463;
Cohn v. City, 108 Mo. 393, 18 S. W. 973; Ledwedge v.
Railroad, 73 S. W. 1009; Gay v. Tel. Co., 12 Mo. App.
486; Forsythe v. Tel. Co., 12 Mo. App. 495; Cooley Const.
Lim. (6 Ed.) 253.

*Wm. H. Clopton* for respondent.

The city had no power, without express sanction of the Legislature to authorize such an obstruction of its public streets as that complained of. Blake v. St. Louis, 40 Mo. 569; Schopp v. St. Louis, 117 Mo. 136, 22 S. W. 898; Lockwood v. Railroad, 122 Mo. 98, 26 S. W. 698; Bassett v. St. Joe, 53 Mo. 291; State ex rel. v. Murphy, 139 Mo. 562; Russell v. Columbia, 74 Mo. 480; Haniford v. Kansas City, 103 Mo. 181, 15 S. W. 753; Davenport v. Hannibal, 108 Mo. 47, 18 S. W. 1122; Deibach v. Railroad, 89 Mo. 488; Benjamen v. Railroad, 133 Mo. 471, 34 S. W. 590; State v. Campbell, 80 Mo. App. 111; Gerdes v. Iron F. Co., 124 Mo. 354, 25 S. W. 557; 2 Dillon on M. Corp., secs. 1011, 1013, 1021; Belcher Sugar R. F. Co. v. St. Louis G. E. Co., 82 Mo. 12; Scranton v. Patterson, 94 Penn. St. 202; City of Richmond v. Smith, 43 S. E. 345.

GOODE, J.—Poplar street in the city of St. Louis runs east and west, and Broadway north and south. The Missouri Pacific Railway Company has its tracks on Poplar street and at the intersection of that street and Broadway had constructed, prior to the accident to be described, crossing-gates to prevent vehicles from driving on the railway track when a train was approaching. These gates consisted of bars stretched across Broadway which opened automatically to a perpendicular position when the track was clear and dropped across the street when there was danger. The machinery to operate the bars was in boxes about two feet square built on either side of the street two feet from the curb; that is to say, the boxes stood about four feet inside the driveway, which seems to have been some fifty feet wide at the point; so there was a space for driving between the boxes of about thirty-nine feet. Around the boxes were wheel-guards composed of iron rails fastened to the ground, and standing out a foot or so from the boxes, the pur-

pose of which was to prevent vehicles from striking the boxes. The sidewalks on Broadway, as near as we can tell, are fifteen feet wide.

Plaintiff Jacob Klein was a member of the fire department of the city of St. Louis in 1900, and was foreman of engine number 15. The engine house where that engine was kept was a short distance north of the intersection of Broadway and Poplar street, but so near that the north crossing gates and its appliances, were in full view. Klein was familiar with the gate and its construction from passing there frequently, as was George Seibert, his companion on the engine at the time of the accident. Seibert was the driver of engine number 15. On the night of May 11, 1900, about three o'clock, an alarm of fire was sounded and the trucks and engine in the engine-house aforesaid were hurriedly hitched and started to the fire. Among them engine number 15 started, with Seibert driving, Klein on the seat beside him, and Lanham, the engine stoker, on the rear of the engine. When they emerged from the engine-house Seibert drove across to the east side of Broadway to let a hose truck pass, and then turned again to the west side and drove south rapidly. The right front hub of the engine collided with the west box at the crossing gate, hurling Seibert and Klein from the seat to the granitoid pavement of the street, killing Seibert instantly and severely injuring Klein. This action was instituted to recover damages for the injuries sustained by Klein, on the ground that the railway company was negligent in constructing and maintaining the wheel-guards and boxes in the street and not properly lighting them. The wheel-guards were two feet and six inches in height and are alleged to have been a dangerous obstruction. Negligence is also alleged in failing to keep lights on the obstruction to warn persons of their presence. The petition avers that while the engine was being carefully driven by Seibert, it collided with the iron bars or gates with the serious result mentioned.

The answer avers that the crossing-gate and the structures connected with it, were built in the street prior to the time of the accident, by the permission of the city of St. Louis and under its direction and supervision; that the crossing-gate was a standard one in all respects and was duly approved by the Board of Public Improvements and the street commissioner of the city of St. Louis; that it was a lawful structure and was lawfully in the street. The answer further avers that George Seibert, the driver of the engine, was under the direction and control of the plaintiff and whatever injury plaintiff sustained was the result of his or Seibert's carelessness.

There was evidence to prove that the engine was driven carefully at the time, considering the fact that it was hastening to a fire, and the corps of firemen in charge of it were required by the regulations of the fire department to get to the fire as quickly as possible. The evidence showed that the city of St. Louis compels railway crossings to be guarded by crossing-gates, and that the city granted permission to the defendant company to put in the gate in question and to locate the boxes on the driveway of the street at the point where they were built. An electric arc-light was suspended above the crossing. There was testimony that it illuminated the street brilliantly where the light fell, but the hood or shade above it caused a deep shadow to fall over that portion of the space within range of the light's radiance from which the shade excluded the rays, and that the shadow increased as the night waned on account of the shortening of the carbon. The lamp was put in by the city and was part of the city's system of street illumination.

A verdict was returned in favor of the plaintiff for $2,500. Motion for new trial was filed by defendant, overruled, and exception saved, and the cause appealed to this court.

The case of Ida Seibert against the Missouri Pacific

Railway Company, recently decided by the Supreme Court (188 Mo. 657), was instituted by the widow of Seibert, the driver of the engine, to recover damages for the death of her husband. In that case it was ruled by the Supreme Court that. the crossing-gate was a lawful structure and there was no liability on the part of the defendant for the accident. As the facts were the same as in the present case, it results that this judgment must be reversed. It is so ordered. All concur.